IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES EDWARD STORM,

    Petitioner,                    No. CIV S-05-2514 DFL DAD P

    vs.

JEANNE WOODFORD, Director, et al.,    ORDER AND

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner at High Desert State Prison, is proceeding pro se and has filed a document styled, "Petition For An Extraordinary Writ To The United States District Court For The Eastern District Of California." Petitioner contends that he is proceeding with a habeas petition filed pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. (Ex Parte Mot. For Modification, filed 1-12-06, at 2.)

        Petitioner has requested leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner was convicted in 1997 of murder in the first degree and sentenced in the San Diego County Superior Court to a term of 25 years to life imprisonment. (Petition, Ex. A, at

1

35-36 of Main Document[1])  The prison term was doubled due to a prior conviction suffered by petitioner in 1990 and an additional six year in enhancements were added for use of a knife and based upon the prior conviction.  (Id. at 36-36.)  Petitioner seeks the following relief:  (1) a court order ordering the U.S. Navy to rescind his dishonorable discharge, restore his military pay grade, and recalculate his salary and back-pay based on his continuing military service and honorable discharge; (2) a court determination as to whether the state or U.S. military had jurisdiction to prosecute him for a crime committed on military property in 1990; and (3) a court order reversing his 1997 criminal conviction and remanding that case to the San Diego Superior Court because the plea agreement with respect to his 1990 conviction has been violated and the 1990 conviction thus should not have been counted against him as a prior conviction.  (Id. at 30-31.)

This is petitioner's second attempt to challenge his 1997 state court conviction in federal court.  On July 9, 2003, the U.S. District Court for the Southern District of California issued an order denying petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In that order, the court denied the petition on the merits.  The district court held that petitioner could not challenge the 1990 state court conviction because the sentence on that case had expired, and that the 1990 conviction could be used as a sentence enhancement with respect to petitioner's 1997 conviction and sentence.  (Id. at 38-39.)  The district court also held that petitioner's claims of lack of jurisdiction, double jeopardy and due process violations were meritless.  (Id. at 40.)  To the extent the present petition before this court alleges claims which

---

[1] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system which allows pleadings and documents to be electronically filed by the parties.  For pleadings or documents that are submitted in paper format, the filing is scanned and stored electronically into the court's CM/ECF system.  Each page of the electronic filing is numbered chronologically, whether or not, it was numbered by the party.  If the filing is lengthy, the document is divided into parts (titled "Main Document," "Part 2", et seq.) with the first page of each part beginning with the page number one and the following page numbers continue in chronological order.  When the undersigned refers to a page number for a pleading or document filed with this court, the court is using the CM/ECF page number, which may not coincide with the page number used by the parties.

have already been presented to the U.S. District Court for the Southern District of California in petitioner's first federal habeas corpus action, it is subject to dismissal. In this regard, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

In addition, the court concludes that petitioner may not proceed with a habeas petition pursuant to 28 U.S.C. § 2241. It has been recognized that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment. . . ." White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Because the "essence" of habeas corpus is "to secure release from illegal custody, a habeas petition does not provide the proper means for challenging the legality of petitioner's military discharge and service pay. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). Habeas petitions brought under § 2241 are subject to summary dismissal pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)). Under Rule 1(b), the Rules Governing § 2254 Cases apply to habeas corpus petitions brought pursuant to § 2241. Therefore, the court will recommend that petitioner's § 2241 petition be summarily dismissed.

If petitioner elects to pursue a new petition under 28 U.S.C. § 2254, he is advised of the following procedures for bringing a second or successive petition. Federal law provides that "[a] claim presented in a second or successive habeas corpus application under section 2254

/////

/////

/////

that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Any claim not presented in the prior application

> shall be dismissed unless –
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole , would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Moreover, a petitioner who seeks to proceed on a second or successive habeas application "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In light of the analysis set forth above, petitioner's January 12, 2006 ex parte motion for modification of the court's December 19, 2005 order construing the petition pursuant to 28 U.S.C. § 2254, will be denied as moot.

On September 25, 2006, petitioner filed a motion for the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). In light of the court's recommendation that the pending petition be summarily dismissed, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner request for leave to proceed in forma pauperis is granted;

2. Petitioner's January 12, 2006 ex parte motion for modification of the court's December 19, 2005 order is denied as moot; and

3. Petitioner's September 25, 2006 motion for the appointment of counsel is denied.

1           Also, IT IS HEREBY RECOMMENDED that this action be summarily dismissed
2  because it plainly appears from the face of the petition that petitioner is not entitled to relief
3  pursuant to 28 U.S.C. § 2241.
4           These findings and recommendations are submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
6  days after being served with these findings and recommendations, petitioner may file written
7  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8  Findings and Recommendations."  Petitioner is advised that failure to file objections within the
9  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
10 F.2d 1153 (9th Cir. 1991).
11 DATED: October 18, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

15 DAD:4
   storm2514.156