IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES EDWARD STORM,

                Petitioner,

vs.

JEANNE WOODFORD, Director, et al.,

                Respondents.

Case No. 2:05-cv-02514 (JKS)

ORDER

       Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On October 18, 2006, the magistrate judge filed findings and recommendations herein, which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fifteen days. Petitioner has filed objections to the findings and recommendations.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

       Petitioner's objections essentially raise two points. First, he asserts that this petition is not a successive petition within the meaning of 28 U.S.C. § 2244(b) because his current petition attacks his 1990 conviction rather than is 1997 conviction. This objection has no merit as Petitioner has

1

presented habeas petitions to the federal courts in the past attacking both convictions.  *See* Case Nos. 02-cv-0827 (S.D. of Cal. 2003); 03-cv-2361 (S.D. of Cal. 2004).  Second, Petitioner argues that his claims are not barred because he has repackaged them into an application for a writ under 28 U.S.C. § 2241.  Petitioner's characterization of his petition as one for relief under 28 U.S.C. § 2241 does not change the result.  The Ninth Circuit has held that the requirements for a § 2254 petition apply to the petition of a state prisoner "no matter what statutory label the prisoner has given the case."  *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004).  Petitioner cannot avoid the limitations placed on successive filings by state prisoners by simply renaming his petition.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed October 18, 2006, are adopted in full; and
2. Petitioner's application for writ of habeas corpus is dismissed.

Dated this the 6th day of December 2007.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER